## In re JOHNS.
### Patent Appeal No. 326I.

Court of Customs and Patent Appeals.
May 21, 1934.

Roy W. Johns, pro se.

T. A. Hostetler, of Washington, D. C. (Howard S. Miller, of Washington, D. C., of counsel), for the Commissioner of Patents.

Before GRAHAM, Presiding Judge, and BLAND, GARRETT, and LENROOT, Associate Judges.

BLAND, Associate Judge.

This is an appeal from the decision of the Board of Appeals of the United States Patent Office, affirming that of the Examiner in rejecting all of the claims, 1 to 4, inclusive, of appellant's application, which claims were rejected by the Examiner for lack of patentable subject-matter within the purview of the statute, section 4888, Revised Statutes, U. S. C., title 35, § 33 (35 USCA § 33).

Claims 1 and 2 relate to a method of marking and defining surface areas of edible animal carcasses. Claims 3 and 4 cover the article so marked. Claim 1 is regarded as illustrative of the claims on appeal and follows: "1. The method of marking and defining the surface areas of the several cuts of an edible animal carcass, or major portion thereof, which consists in imposing distinguishing series of indicia on said carcass, or major portion thereof; all of the indicia in any one series being identical and of such size that at least one indicium will appear on each consumer cut, the extreme indicia of one series contrasting with the extreme indicia of adjacent series and adjacent indicia of neighboring series being positioned to define the boundary between the respective cuts."

The alleged invention is described in the application in the following language:

"My invention relates to novel methods for the branding of edible animal carcasses, especially beef carcasses, after the hide has been removed, although the method may be used in connection with other edible animal carcasses.

"One of the objects of my invention is to provide a method for branding edible animal carcasses, especially the carcasses of cattle or sheep, after the hide or skin has been removed, and the carcasses of swine, after the

skin has been dehaired or removed, such that markings of appropriate size will appear on the several portions of the carcass.

"Another object of my invention is to provide an edible carcass as an article of commerce upon which appear markings of appropriate size indicating the source and in some cases the kind of meat, such that appropriate indicia appear on wholesale cuts into which this carcass is conventionally subsequently divided and on the consumer cuts into which such wholesale cuts are subsequently resubdivided."

Figures 1 and 2 of the drawing of appellant's application show different portions of the carcass marked "T M Round," "T M Shoulder," "T M Rib," "T M Chuck," etc. the appellant states that "the legend 'T. M.' indicates a trade-mark or packer's name."

The Board of Appeals in affirming the action of the Examiner set out the references and most of its decision in In re McKee, which, before the Board, was appeal No. 744. The said case was appealed to this court where the decision of the Board of Appeals was affirmed, prior to the Board's decision in the instant case. See In re McKee, 64 F. (2d) 379, 20 C. C. P. A. 1018.

The Board, in the case at bar, based its decision on its own decision in the McKee Case, and, after quoting the references relied upon and its reasons for affirming the action of the Examiner in that case, stated: "For the reasons set forth in the other decision, the decision of the Examiner rejecting the claims in this application is affirmed."

In order that the exact question raised by the appellant in this case may be fully understood, we quote the major portion of the decision of the Board of Appeals in the instant case:

"In view of that decision [appeal No. 744] it is believed that it is better to take the same action on this case in order that both applicants may be treated alike. The following excerpts from the other decision clearly present the views of this tribunal upon this question and we are fully in accord with the holding in that decision.

"The references relied upon are: Conway, 996,004, June 20, 1911, Waite, 1,188,588, June 27, 1916, Golding, 1,481,864, Jan. 29, 1924, Fiedler, 1,704,124, Mar. 5, 1929, Patton, 1,712,518, May 14, 1929, Naylor, 1,699,-012, Jan. 15, 1929.

"The principal object of the invention is to provide a meat product in the form of a carcass or cut of meat having the surface thereof marked with a repetition of the trade name or brand of the packer or distributor, so that when carcass or cut is subdivided each subdivision will bear the identifying mark or brand. One group of the claims is directed to the cut of meat with the series of identifying marks thereon and another group is directed to the method of making this meat product or the method of marking the product.

"Several references are cited to indicate the marking of various articles with a series of marks. Of these the patent to Patton for marking sole leather may be taken as an example. This patent discloses markings placed in series over the surface of sole leather so that however the leather may be cut up, the manufacturer's name will appear. This patent also discloses that heretofore it has been customary for manufacturers to cover sole leather with a repetition of the trade name in parallel lines or columns.

"The patent to Conway shows a stamping mechanism for marking meat by means of pins inked to leave the mark of the design on the meat. The patent to Naylor discloses a similar marker to be applied to stock or poultry.

"In view of these patents as examples of those cited, it is not apparent that there would be anything patentable in applying the markings of Conway or Naylor in rows or parallel lines or in any desired arrangement on a cut of meat so that each piece when the cut is subdivided would bear the mark of the manufacturer. Nor would there be anything patentable in the article bearing the mark or series of marks.

"Appellant has referred to the decision Ex parte Dixon, 401 O. G. 919 which was affirmed by the Court of Customs and Patent Appeals, In re Dixon, 402 O. G. 3. As we understand this decision of the Court, it means that the arranging and printing or making of characters on surfaces of articles does not constitute a new and useful art, machine, manufacture, or composition of matter or any new and useful improvement thereof, as required by section 4888 R. S. and that claims directed thereto are not within the statute.

"We are of the view that in so far as the mere markings of the meat are concerned they do not come within the statutory classes of invention and for the reasons pointed out we do not consider that any of the claims are patentable over the art of record.

"The rejection of claims 3 and 5 to 17 is affirmed."

In this court, among the errors assigned is the following: "5. The Board of Appeals erred in adopting the reasoning of the decision in Appeal No. 774, which appeal was based on certain references not of record in the present application, to-wit: [Here the above-quoted references are set out.]"

It seems to us that, since the Examiner referred only to that portion of the decision in said Appeal No. 774 which held that the markings did not come within the purview of the statute, the Board has, in effect, in the instant case, assigned additional reasons, to wit, the prior art, over those given by the Examiner for the rejection of the claims. We know of no reason why this fact, in view of the present record, should warrant a reversal of the decision of the Board. See rule 139 of the Rules of Practice, United States Patent Office.

As we view the case at bar, the decision of the same is controlled by our decision in Re McKee, supra. In that case the Board of Appeals had rejected the claims on two grounds, one of the grounds being the prior art, and the other being that the marking did not come within the purview of the patent statute. We affirmed the action of the Board upon both grounds.

Appellant seeks here to distinguish the facts in the present case from the facts in the McKee Case. The brief of appellant is long, but we think his contentions are, for the most part, briefly stated in what he styles "Summary of the Law Applicable to the Case" which is as follows:

"The Board of Appeals erred in holding that the subject matter of the present application does not come within the purview of the patent statutes. The Board of Appeals erred in failing to consider the claims of the present appeal on their merits.

"None of the claims here on appeal are concerned with 'the mere marking of the meat.' As has already been pointed out, the claims are clearly patentable over the references injected into this case for the first time by the quotation by the Board of Appeals from its decision in Appeal No. 744.

"Since the claims are not anticipated by the references the only question remaining for consideration is whether or not the claims define a new and useful art, machine, manufacture or composition of matter or any new

and useful improvement thereof, as required by section 4888, Rev. St."

In addition to the above, the appellant states that his alleged invention is as follows: " * * * The invention lies in the delineation of the boundaries between wholesale cuts of meat rather than in the arrangement of the indicia in such manner as to provide a trademark for each consumer cut when the meat is ultimately subdivided into consumer cuts."

In the McKee Case, as shown in the drawing, certain large cuts of meat were marked with a roller carrying a plurality of needle points so as to produce in repeated order such words as "Swift's Premium," one arranged above the other so that, when the meat was cut into smaller parts, the parts would have stamped upon them the said words "Swift's Premium."

The only difference between the McKee Case and this case, as we see it, rests in naming and outlining certain portions of the carcass. The drawings show the carcass divided into portions indicated by the words "shank," "round," "loin," "neck," etc. Within the boundaries of the lines indicating the portion of the meat are several lines of printed matter, each comprising the trade-mark and the name of the portion. The different lines of printed matter are placed one above the other and close together, so that the mark will appear on the smaller portions cut from the larger portion. As far as the issues here involved are concerned, the marking inside the boundaries is quite similar to the marking shown in the McKee Case.

Appellant contends that his invention rests in "delineation of the boundaries between wholesale cuts of meat."

We see nothing in appellant's application which, in a patent sense, distinguishes it from the application in the McKee Case. In that case we cited and discussed all the references that are relied upon in this case, and repetition of what we said there is unnecessary here. For the reasons assigned by the Board in this case, and upon the authority of the McKee Case and cases which were therein cited and discussed, we hold that the Board was not in error in denying appellant's claims.

On the question as to whether there is invention in marking an article so as to facilitate future uses or handling of the article, see In re Fischer, 47 F.(2d) 794, 18 C. C. P. A. 1076. In Re Bruce, Jr., 56 F.(2d) 673, 19 C. C. P. A. 1042, this court held unpatentable the putting of a label on a bundle of

flooring. This decision is thought to be in point with the issues at bar.

The decision of the Board of Appeals is affirmed.

Affirmed.

HATFIELD, Associate Judge, did not participate.